UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BOBBY D. BALL,

        Petitioner,

v.                                                      Case No. 16-cv-203-pp

UNITED STATES OF AMERICA,

        Respondent.

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (DKT. NO. 1), DENYING AS MOOT MOTION TO AMEND MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 (DKT. NO. 10), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DISMISSING CASE**

**I.    Background**

    A.    <u>Procedural History</u>

On February 29, 2016, petitioner Bobby D. Ball filed a motion under 28 U.S.C. §2255, asking the court to vacate, set aside or correct his sentence. Dkt. No. 1. The petitioner listed three grounds for relief: (1) that he was "actually innocent" as to his sentence enhancement as a "career offender" because of the Supreme Court's ruling in <u>Johnson v. United States</u>, ___ U.S. ___, 135 S. Ct. 2551 (2015); (2) that the career offender enhancement is unconstitutional; and (3) that his lawyer provided ineffective assistance of counsel under the Sixth Amendment. Dkt. No. 1 at 1-8. The government responded on January 9, 2017, alleging that only the petitioner's <u>Johnson</u> claim was properly before the

court, and that the court should dismiss the other claims as untimely. Dkt. No. 9.

A month and a half later, the petitioner filed a motion to amend the §2255 motion, along with the proposed amendment. Dkt. No. 10. The proposed amendment added case law support for the proposition that his prior Wisconsin robbery conviction should not qualify as a "crime of violence" under the career offender provision of the guidelines after <u>Johnson</u>. Dkt. No. 10 at 2. The government did not file a pleading opposing the motion. Instead, the prosecutor wrote the court a letter. The letter stated:

> In this case, defendant filed a 2255 petition alleging that his conviction for aggravated battery could not be used to enhance his sentence under the residual clause of the career offender guideline because the guideline was void for vagueness under the rule announced in <u>Johnson</u>. The government filed a response and the defendant then sought to amend his petition to allege that his robbery convictions also could not be used to enhance his sentence under the rule of <u>Johnson</u>. Subsequently, in <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017), the Supreme Court held that the advisory sentencing guidelines are not subject to void for vagueness challenges. Defendant was sentenced under the advisory guidelines. Accordingly, there is no basis for defendant to challenge his sentence under the rule of <u>Johnson</u> and his petition must be dismissed.

Dkt. No. 12.

B.    <u>Factual Background</u>

The petitioner seeks to collaterally attack the sentence that Judge Charles N. Clevert, Jr. imposed in Case No. 13-cr-13-CNC (E.D. Wis.). The defendant had pled guilty to one count of distributing heroin in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C), and one count of distributing marijuana in

violation of 21 U.S.C. §841(a)(1) and (b)(1)(D). See Dkt. No. 1 at 1; see also Case No. 2013-cr-13-CNC (E.D. Wis. Aug. 22, 2013), Dkt. No. 21 at 1. At sentencing, Judge Clevert found that the defendant qualified as a career offender under U.S.S.G. §4B1.1, and calculated the petitioner's sentencing range at 151 to 188 months. On August 20, 2013, Judge Clevert imposed a sentence of 144 months – slightly below the low end of that guideline range. Dkt. No. 9 at 1; see also Case No. 13-cr-13-CNC, Dkt. No. 19 at ¶69 (E.D. Wis. Aug. 6, 2013). The petitioner did not appeal his conviction or sentence. Dkt. No. 1 at 1, ¶8.

## II. Analysis

### A. The Petitioner's Claims Regarding the Constitutionality of U.S.S.G. §4B1.1 and Ineffective Assistance of Counsel Are Time-Barred.

Section 28 U.S.C. §2255 allows a federal prisoner to ask the court that imposed his sentence to vacate, set aside, or correct it "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. §2255(a).

Section 2255(f) says that someone who wants to file a §2255 motion has to do so within a one-year period that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such

3

> governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f)(1)-(4).

Because the petitioner did not appeal of his sentence, his conviction became final when his time for filing a direct appeal expired. See Keller v. United States, 2009 WL 4676892, at *1 (S.D. Ill. Dec. 7, 2009), aff'd, 657 F.3d 675 (7th Cir. 2011) ("[defendant] did not file a notice of appeal, which had to be filed within ten days of entry of judgment . . . Therefore, for purposes of §2255, [defendant]'s conviction became final on February 9, 2007, when time for filing his appeal had expired, and his §2255 motion should have been filed by February 9, 2008."); see also Gillis v. United States, 729 F.3d 641, 644 (6th Cir. 2013) ("A conviction becomes final when the time for direct appeal expires and no appeal has been filed[.]")

Judge Clevert entered judgment against the petitioner on August 22, 2013; under Federal Rule of Appellate Procedure 4(b)(1)(A), the petitioner's time for filing a notice of appeal expired fourteen days after the entry of that judgment, on September 5, 2013. See Case No. 13-cr-13, dkt. no. 21. Under §2255(f)(1), the petitioner needed to file his §2255 claims within the one-year period between September 5, 2013 and September 5, 2014. The petitioner filed

this petition on February 19, 2016, more than seventeen months after the deadline set in §2255(f)(1).

This does not necessarily mean that all of the petitioner's claims are untimely. The statute sets the deadline for filing a motion at the *latest* of four possible dates: the date the conviction becomes final; the date that any governmental barrier to filing the motion is removed; the date the Supreme Court recognizes, and makes retroactive, a new right; or the date that the petitioner discovers new evidence that he could not have discovered earlier by exercising due diligence. So the court must consider whether any of the other dates might apply to the petitioner's claims.

The petitioner's first claim, or "ground," is that Judge Clevert's decision to sentence him as a career offender under U.S.C.G. §4B1.1 cannot stand, in light of the Supreme Court's decision in Johnson v. United States. The Court decided Johnson on June 26, 2015, holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §924(e), was unconstitutionally vague, and that courts could not use it as a basis for enhancing a defendant's sentence. Johnson, 135 S. Ct. at 2563. The Court subsequently held that the Johnson decision was "a substantive decision and so has retroactive effect under Teague in cases on collateral review." Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 1266 (2016).

This means that the petitioner's Johnson claim falls under the deadline in §2255(f)(3). The one-year period for bringing a §2255 petition based on a

Johnson claim began on June 26, 2015 (the day the Court issued the decision), and expired on June 26, 2016. That deadline is later than the date on which the petitioner's conviction became final, so under §2255(f), that deadline applies to the petitioner's Johnson claim. The petitioner filed his motion on February 19, 2016—four months before that deadline expired—so his Johnson claim is timely.

The petitioner's second claim, or "ground," is that the career offender enhancement (§4B1.1) is unconstitutional, because it violates due process, the Sixth Amendment, and the Eighth Amendment. Dkt. No. 1 at 4-8. The claim does not involve a new Supreme Court ruling that wasn't in effect at the time the petitioner was sentenced. It does not involve the discovery of new evidence. This is a claim that the petitioner could have raised at sentencing, or on a direct appeal, or in a §2255 motion filed within a year after his conviction became final. This claim is time-barred.

The petitioner's third claim, or "ground," is that the attorney who represented him at sentencing was ineffective, in violation of the Sixth Amendment. Dkt. No. 1 at 8-12. He alleges that his lawyer should have challenged the use of one of his prior convictions as a predicate for applying the career offender guideline, should have challenged the constitutionality of the career offender guideline, and should have moved to dismiss gun charges. Again, this claim does not involve new Supreme Court law, or newly-discovered evidence. The petitioner could have brought this claim in a direct appeal or in a

§2255 motion filed within a year after his conviction became final. This claim is time-barred.

   B.  The Petitioner's Vagueness Challenge to the Residual Clause of the Career Offender Guideline Is Foreclosed by the *Beckles* Decision.

The petitioner alleges that his state conviction for aggravated battery was one of the convictions Judge Clevert used to find that he qualified as a career offender under §4B1.1. Dkt. No. 1 at 3. He asserts that the aggravated battery conviction qualified as a predicate conviction—a conviction for a "crime of violence"—only under the residual clause of §4B1.1(a)(2), which defined such crimes as offenses that involved conduct that presented a serious risk of physical injury to another. The petitioner argues that in Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (a sentencing enhancement statute), finding it unconstitutionally vague. According to the petitioner, if the language of the residual clause in the ACCA was unconstitutionally vague, then the language of the residual clause of §4B1.1(a)(2) also was unconstitutionally vague, and should not have been used to enhance his sentence. Id.

The petitioner is not the only one to have drawn this analogy; many other petitioners raised the same argument, and it finally made its way to the Supreme Court. Earlier this year, the Supreme Court issued its decision in Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886, 892 (2017). In Beckles, the court drew a distinction between the Armed Career Criminal Act and the Sentencing Guidelines, and concluded that, unlike the ACCA, the sentencing

7

guidelines were advisory; they serve to "guide the court's discretion in choosing an appropriate sentence within the statutory range." Id. The Beckles Court concluded that the Sentencing Guidelines, unlike statutes, were not subject to vagueness challenges under the Fifth Amendment. That decision forecloses the defendant's argument regarding Judge Clevert's application of the career offender enhancement.

The court notes that the petitioner also argued that he was "actually innocent" as to the guideline enhancement. Dkt. No. 1 at 3. As this court held in an earlier case,

> [t]he petitioner confuses the 'actual innocence' doctrine – which, under certain circumstances, excuses a defendant's failure to follow certain *habeas* procedures if he can provide proof that he is "actually innocent" of the crime of which he was convicted – with a vagueness challenge to his sentence. The Johnson decision was not based on actual innocence, and did not declare defendants sentenced under the residual clause of the ACCA to be actually innocent.

Blair v. United States, No. 16-cv-790-pp, 2017 WL 2559983, at *1 (E.D. Wis. June 13, 2017). Even if the Supreme Court had held that the residual clause of the career offender enhancement was unconstitutionally vague, that would not result in a conclusion that the petitioner is actually innocent.

C. The Petitioner's Motion to Amend His §2255 Motion is Moot.

The petitioner filed his motion for leave to amend his §2255 motion before the Supreme Court issued its decision in Beckles. Dkt. No. 10. The amended motion provides additional arguments in support of the petitioner's Johnson claim, but as the court has decided, the Beckles decision forecloses

8

the Johnson claim. The court will deny the motion to amend the §2255 as moot.

>    D.  The Court Will Not Issue a Certificate of Appealability.

Under Rule 11(a) of the Rules Governing Section 2254 Cases (which apply in cases filed under 28 U.S.C. §2255), the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000) (internal quotation marks omitted). The court declines to issue a certificate of appealability, because after Beckles, reasonable jurists could not debate that the motion should be resolved in a different manner or that the issue presented is adequate to deserve further encouragement. 28 U.S.C. §2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004).

**III. Conclusion**

The court **DENIES** petitioner's motion to vacate, set aside or correct sentence. Dkt. No. 1. The court **DENIES AS MOOT** the petitioner's motion to amend his petition. Dkt. No. 10. The court **DECLINES TO ISSUE** a certificate

9

of appealability. The court **ORDERS** that this case is **DISMISSED.**

Dated in Milwaukee, Wisconsin this 14th day of December, 2017.

                                **BY THE COURT:**

                                _____
                                **HON. PAMELA PEPPER**
                                **United States District Judge**